FILED
JUN 16 2009
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARY P. McKEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 09 1096 |
| | ) |
| SMALL BUSINESS ADMINISTRATION, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM OPINION

This matter comes before the Court upon review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The application will be granted but the complaint will be dismissed.

Plaintiff purports to bring this action on behalf of family members whose marine construction business in Florida allegedly was ruined because the Small Business Administration took action for repayment of a $300,000 loan and refused to extend a disaster loan after hurricanes hit. He alleges that the defendants' efforts to collect on the debt occurred because local law enforcement and the Federal Bureau of Investigation, neither of which is a named defendant to this action, intervened for the purpose of destroying the family business. Plaintiff demands damages and injunctive relief.

"Three inter-related judicial doctrines – standing, mootness, and ripeness – ensure that federal courts assert jurisdiction only over 'Cases' and 'Controversies.'" *Worth v. Jackson*, 451 F.3d 854, 855 (D.C. Cir. 2006) (quoting U.S. Const. art. III, § 2). A party has standing if his claims "spring from an 'injury in fact' – an invasion of a legally protected interest that is 'concrete and particularized,' 'actual or imminent' and 'fairly traceable' to the challenged act of

the defendant, and likely to be redressed by a favorable decision in the federal court." *Navegar, Inc. v. United States*, 103 F.3d 994, 998 (D.C. Cir. 1997) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). "[T]he injury alleged cannot be conjectural or hypothetical, remote, speculative, or abstract." *Nat'l Treasury Employees Union v. United States*, 101 F.3d 1423, 1427 (D.C. Cir. 1996) (internal citations and quotation marks omitted).

Plaintiff is a lay person who is not qualified to appear in this Court on behalf of his family members. *See* 28 U.S.C. § 1654; *Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984). Even though plaintiff may represent himself as a *pro se* litigant, it does not appear that he has sustained an actual injury caused by the named defendants' actions in collecting a debt which plaintiff neither paid nor was obligated to pay. Accordingly, the Court will dismiss this action without prejudice for lack of standing.

An Order consistent with this Memorandum Opinion will be issued separately on this same date.

/s/ _____
United States District Judge

Date: 6/8/09